IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No: 9:10-CR-737 |
| ) | |
| V. ) | |
| ) | **PLEA AGREEMENT** |
| TRACY LYNN VALDERRAMA ) | |
| ) | |

### General Provisions

This PLEA AGREEMENT is made this 22 day of FEBRUARY, 2011, between the United States of America, as represented by United States Attorney WILLIAM N. NETTLES, Assistant United States Attorney Nathan Williams; the Defendant, **TRACY LYNN VALDERRAMA**, and Defendant's Attorney, Richard Peacock, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1. The Defendant agrees to plead guilty to Count Three of the Indictment now pending, which charges, a violation of Title 18, United States Code, Section 1001(a), as follows:

COUNT 3

That on or about March 25, 2010, in the District of South Carolina, the defendant, TRACY LYNN VALDERAMMA, in a matter within the jurisdiction of the executive branch of the government of the United States, did knowingly and wilfully make materially false, fictitious and fraudulent statements and representations, knowing the same to be false, in that she misrepresented that a crime had occurred, to the Naval Criminal Investigative Service, a law enforcement agency for the United States Department of Navy that investigates criminal allegations on Navy and Marine bases and property;

In violation of Title 18, United States Code, Section 1001(a).

In order to sustain its burden of proof as to this offense, the Government is required to prove the following:

### Count One

That on or about March 25, 2010, in the District of South Carolina, the Defendant did:

1. Knowingly make a material false statement;
2. Make the statement voluntarily and intentionally; and
3. The statement regarded a matter withing the jurisdiction of the executive branch, that is, the Naval Criminal Investigative Service, which is a part fo the United States Department of Navy.

**Possible Penalties for 18 U.S.C. § 1001(a):**

**MAXIMUM TERM OF IMPRISONMENT: 5 YEARS**
**MAXIMUM FINE AMOUNT: $250,000.00**
**SUPERVISED RELEASE: 3 YEARS**
**SPECIAL ASSESSMENT: $100.00**

2. The Defendant agrees to provide detailed financial information to the United States Probation Office prior to sentencing. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied

monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    (A)   Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which she is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

    (B)   Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by her scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the government in identifying all victims.

    (C)   Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to § 1B1.3 of the United States Sentencing Guidelines.

4. The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the

Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court. The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

5. The Defendant agrees that all facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum (including facts that support any specific offense characteristic or other enhancement or adjustment) can be found by the court at sentencing by a preponderance of the evidence standard and the court may consider any reliable evidence, including hearsay. By executing this Agreement, the Defendant understands that he waives any argument that facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable doubt.

6. The Defendant understands that the obligations of the Government within the Plea

      Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

7. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either expressed or implied, it is understood that the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

### Merger and Other Provisions

8. The parties agree that if the Court determines the Defendant has readily demonstrated acceptance of responsibility for her offenses, that USSG § 3E1.1(a) applies, thereby providing for a decrease of two (2) levels. In addition, if the Defendant qualifies for a decrease under § 3E1.1(a), the Government will move that she receive the one level decrease set forth in § 3E1.1(b), and requests that this provision be considered as that request.

9. The Defendant represents to the court that she has met with her attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with her attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and her attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witness, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to confront and cross-examine the

government's witnesses, the Defendant's right to testify in her own behalf, or to remain silent and have no adverse inferences drawn from her silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to his Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

10. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

11. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

2/10/2010
DATE

Tracy Lynn Valderrama
TRACY LYNN VALDERRAMA,
Defendant

-6-

2/17/2011
DATE

_____
Richard Peacock
Attorney for the Defendant

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

2/22/11
DATE

BY: _____
Nathan Williams
Assistant U. S. Attorney